O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　Plaintiff,<br>　　v.<br>GLENN BOSWORTH,<br><br>　　　　　Defendant. | Case No. 2: 09-cr-00052- ODW<br><br>**ORDER DENYING DEFENDANT'S MOTIONTO CORRECT SENTENCE**, PURSUANT TO 28 USC 3582(c)(2) |

　　　　On October 22, 2010, Bosworth was sentenced to a term of 108 months for attempting to lure a 12 year old girl – who is actuality and unbeknown to Bosworth – was an undercover FBI special agent, into a sexual liaison.

　　　　Bosworth seeks to have his sentence "corrected" based on a purported "clarifying amendment" to the sentencing guidelines. (Mtn at p. 4.) Bosworth does not identify the proposed amendment nor does he explain or quote the provisions of the amendment or describe how the proposed amendment affects his sentence.

　　　　Moreover, amendments to the sentencing guidelines do not take effect until November of the year the proposals are published, assuming no action on the part of Congress. Even though the amendment may be retroactive, it has not yet taken effect and will not take effect until November 1, 2018, if at all.

. Therefore this request, to the extent based on this amendment, is premature. In addition, and again, without citing to the language in the purported amendment, Bosworth argues that the amendment deals with downward departures for acceptance of responsibility. Bosworth states: "Petitioner's First Amendment right to challenge alleged facts of his case within his allocution during the sentencing proceedings were violated when the sentencing court denied Petitioner's Acceptance of Responsibility downward departure under USSG § 3E1.1(a), (b), based on Petitioner's allocution statement therein; " (Mtn. at p.4)

First, Bosworth was not inhibited in allocuting. He was never interrupted in any way. He does not argue that "fear" of retribution or punishment in any fashion, chilled his ability to speak freely. He claims that he was, after the fact, punished by not being credited with a three level reduction for acceptance of responsibility. Second, he was in fact credited with a three level reduction in offense level per USSG §3E1.1(a) and (b).

After application of the necessary credits, including under 5K1.1, Bosworth was then given an <u>above</u> guidelines sentence because of the 3553(a) factors. As stated in the Statement of Reasons,:

> Defendant is a particularly deceitful and manipulative sexual predator and clearly a threat to the safety of minor girls. A transcript of his AOL chat room communications illustrated the depth of his depravity. This transcript provided a much clearer picture of the defendant than the reports of psychotherapists who had never seen those transcripts. But for the government's 5K1.1 request, defendant would be facing a 120 month statutory minimum, which under the facts of this case is clearly warranted.

Bosworth's motion to correct his sentence is DENIED as unwarranted.

**IT IS SO ORDERED.**

**May 22, 2018**

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**